IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-31 |
| | § | |
| 982.6894 ACRES OF LAND, MORE OR | § | <u>JURY TRIAL DEMANDED</u> |
| LESS, SITUATED IN WEBB COUNTY, | § | |
| STATE OF TEXAS; AND CITY OF | § | |
| LAREDO | § | |
| | § | |
| *Defendants*. | § | |

---

### **<u>DEFENDANT CITY OF LAREDO'S ORIGINAL ANSWER</u>**

---

Defendant CITY OF LAREDO ("Defendant"), hereby files its Original Answer to the United States of America's Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation.

### **<u>RESPONSES TO THE COMPLAINT IN CONDEMNATION (DKT. NO. 1)</u>**

1.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2.      Defendant admits the allegations in paragraph 2, subject to its objections and defenses stated below.

3.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 1-1).

4.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 1-1).

5.      Defendant asserts that it owns a full fee simple absolute interest in the approximately 982.6894 acres of land affected by this condemnation suit. In response to paragraph 5, Defendant admits that the aerial map or plat of these 982.6894 acres of land in Schedule D ("Map or Plat," Dkt. No. 1-1) and the legal description of this property in Schedule C ("Legal Description," Dkt. No. 1-1) appear to be more or less accurate.

6.      In response to paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 1-1), Defendant again asserts that it owns a full fee simple absolute interest in the approximately 982.6894 acres of land affected by this condemnation suit. Defendant also admits that the aerial map or plat of this acreage in Schedule D (Dkt. No. 1-1) and its legal description in Schedule C ("Legal Description," Dkt. No. 1-1) appears to be more or less accurate.

7.      Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 1-1), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just

compensation for the taking and a bench trial to determine any damages that may result from the taking.

8.      In response to paragraph 8, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 1-1), Defendant asserts that it owns a full fee simple absolute interest in the approximately 982.6894 acres of land affected by this condemnation suit.

9.      To the extent that paragraph 9 requires an answer, Defendant again asserts that it owns a full fee simple absolute interest in the 982.6894 acres of land affected by this condemnation suit.

**RESPONSES TO THE DECLARATION OF TAKING (DKT. NO. 2)**

10.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedule A ("Authority for the Taking," Dkt. No. 2-1).

11.      Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedule B ("Public Purpose," Dkt. No. 2-1).

12.      In response to paragraph 3, Defendant admits that the legal description of this property in Schedule C ("Legal Description," Dkt. No. 2-1) appears to be more or less accurate.

13.      In response to paragraph 4, Defendant admits that the aerial map or plat of these 982.6894 acres of land in Schedule D ("Map or Plat," Dkt. No. 2-1) appears to be more or less accurate.

14.      In response to paragraph 5, which addresses Plaintiff's Schedule E ("Estate Taken," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 6, above.

15.      In response to paragraph 6, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 7, above.

16.     In response to paragraph 7, which addresses Plaintiff's Schedule G ("Interested Parties," Dkt. No. 2-1), Defendant incorporates its answer from paragraph 8, above.

17.     As for paragraph 8, Defendant admits that Plaintiff made some efforts to negotiate acquisition of the property interest sought; however, Defendant denies that Plaintiff made best efforts in this endeavor.

## DEFENDANT'S OBJECTIONS AND DEFENSES

18.     Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 982.6894 acres of land Plaintiff seeks. Defendant would show the following:

19.     Plaintiff has no constitutional authority to exercise eminent domain in this case.

20.     The statutory authorities Plaintiff cites do not authorize taking the CITY OF LAREDO's property and, therefore, the Plaintiff's taking is *ultra vires* and this Court must invalidate that taking pursuant to the Administrative Procedure Act. 5 U.S.C. § 706(2) (authorizing reviewing court "to hold unlawful and set aside agency action . . . in excess of statutory . . . authority . . . .").

21.     To the extent that Plaintiff has not cited federal laws that give it authority to take the above-captioned land, Defendant objects.

22.     To the extent that Plaintiff has not complied with the federal laws it has cited, Defendant objects.

23.     Defendant reserves its right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

4

24.    Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

25.    Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

26.    Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## **RELIEF REQUESTED**

27.    For the foregoing reasons, Defendant CITY OF LAREDO respectfully requests that the Court:

a.    Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff, since the scope of the easement exceeds Plaintiff's authority.

b.    Vest in the CITY OF LAREDO title to the property that Defendant unlawfully divested by filing its Declaration of Taking under 40 U.S.C. §§ 3113 and 3114.

c.    Allow Defendant to recover its expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable.

d.    Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

e.    Grant Defendant any other relief the Court deems proper.

Dated: May 4, 2020     Respectfully Submitted,

         **KRISTINA K. LAUREL HALE**
         CITY ATTORNEY FOR THE CITY OF LAREDO

         By:  */s/ Alyssa J. Castillon*     
             **ALYSSA J. CASTILLON**
             Assistant City Attorney for City of Laredo
             Federal I.D. No.: 3114327
             Texas State Bar No.: 24064568
             City of Laredo Office of the City Attorney
             1110 Houston Street
             Laredo, Texas 78040
             Telephone: (956) 791-7319
             Facsimile: (956) 791-7494
             Email: acastillon@ci.laredo.tx.us
             *Attorney in Charge for Defendant City of*
             *Laredo*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on the 4th day of May, 2020, she electronically submitted a true and correct copy of the foregoing Original Answer with the Court via the CM/ECF system, which will serve a copy on all counsel of record.

         */s/ Alyssa J. Castillon*     
         ALYSSA J. CASTILLON