IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § 982.6894 ACRES OF LAND, MORE OR § LESS, SITUATE IN WEBB COUNTY, § STATE OF TEXAS; AND CITY OF § LAREDO § § *Defendants.* § | CASE NO.   5:20-CV-031 |

**UNITED STATES OF AMERICA'S REPLY TO CITY OF LAREDO'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION**

The United States of America (hereinafter "United States") files this reply to address the City of Laredo's Opposition to the Motion for Order of Immediate Possession filed by the United States requiring all defendants to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

1. The United States filed its Opposed Motion for Order of Immediate Possession on April 8, 2020 requesting the Court to enter an Order of Immediate Possession on an expedited basis (Docket No. 8). On May 4, 2020, the City of Laredo (hereinafter "City") filed its Response in Opposition to the Motion for Possession filed by the United States arguing that the United States lacks the authority to acquire the estate it seeks to acquire in this matter (Docket No. 11). The United States seeks a 12 month access easement across lands owned by the City in order to conduct surveying, testing and other investigatory work needed to plan for the construction of specifically

designated infrastructure along the United States/Mexico border (Schedules B and E, Docket No. 2).

2. The City challenges the authority of the United States as stated in Schedule A of the Declaration of Taking (see Docket No. 11 generally), however, the Consolidated Appropriations Act of 2018 provided U.S. Customs and Border Protection (CBP) with, among other appropriations, $38,000,000 for border barrier planning and design. Consolidated Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348, 607 (2018) ("2018 DHS Appropriations Act"); *see also* Paragraph 4, Declaration of Loren Flossman attached as Exhibit 1 ("Flossman Declaration"). Schedule A of the Declaration of Taking identifies the 2018 DHS Appropriations Act as the authority providing funds for the acquisition of the estate sought by the United States in this case. (Schedule A, Docket No. 2.) Further, the uses stated in Schedule B of the Declaration of Taking are surveys, testing and other investigatory work to be used to plan for construction of different types of specified infrastructure. (Schedule B, Docket No. 2). Thus, in the 2018 DHS Appropriations Act, funds have been appropriated and made available to the United States for "border barrier planning and design" and are being duly used by the United States for the taking of this estate to permit surveys, testing, and other investigatory work needed to plan and design border barrier infrastructure.

3. The City mistakenly argues that the United States seeks to build infrastructure through the Declaration of Taking filed in this case (Docket No. 11 at 10 ("the 2018 DHS Appropriations Act did not appropriate any funds for the construction of new border fencing in the Laredo Sector, which is the "Public Purpose" for which the Government claims it is entitled to take the City of Laredo's property")). However, the City is factually incorrect and its argument is misplaced. The public purpose for the temporary, limited real estate interest taken in this case is

planning and design for border barrier and related infrastructure—not construction of border barrier.  While the 2018 DHS Appropriations Act provides certain amounts of funding for border barrier *construction* in specified geographic areas (e.g., section 230(a)(1) provides $251M for secondary fencing in San Diego Sector; section 230(a)(2) provides $445M for pedestrian levee fencing in the Rio Grande Valley Sector; section 230(a)(3) provides $196M for pedestrian fencing in the Rio Grande Valley Sector) it also provides $38M for border barrier *planning and design* without any geographic restrictions in section 230(a)(5).  The authorized source of government funding for the real estate interest taken in this case is precisely the $38M that Congress appropriated for "border barrier planning and design." Flossman Declaration at 4.  The necessary survey and other investigatory work will allow the United States to determine whether, where, and to what extent border barrier infrastructure may be constructed or installed on the subject property.

4. To the extent that the City seeks to challenge the authority of the United States to carry out *construction* of border barrier on the subject lands, such a challenge is premature and not germane to the temporary, limited real estate interest that is the subject of the taking in this case.  Should the United States determine, after planning and design work has been completed, that the Government requires an additional, permanent real estate interest in any part of the subject lands for the public purpose of border barrier construction, it will seek to acquire such interest using a lawful source of appropriated funding from Congress.  However, at this time and in this case, the United States has not sought to acquire any real estate interest in the subject lands for the purpose of border barrier construction; the United States is acquiring only a temporary, limited real estate interest to carry out planning and design activities using funds that Congress duly appropriated for this purpose.

WHEREFORE, the United States submits that it is authorized to acquire the estate described in the Declaration of Taking and further, is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the temporary estate described in Schedule E of the Declaration of Taking (Docket No. 2).

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/ E. Paxton Warner*
**E. PAXTON WARNER**
Assistant United States Attorney
Southern District of Texas No. 555957
Texas Bar No. 24003139
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Paxton.Warner@usdoj.gov
Attorney in Charge for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing UNITED STATES OF AMERICA'S REPLY TO CITY OF LAREDO'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION was served via email and certified mail, return receipt requested to the City of Laredo on this 20th day of May, 2020.

By: *s/ E. Paxton Warner*
**E. PAXTON WARNER**
Assistant United States Attorney